MOSES ODELL, Appellant, *v.* CORNELIUS J. DE WITT, Executor, etc., Respondent.

It was the intent and purpose of the act "to authorize the towns of Yonkers and East Chester, in the county of Westchester, to widen, make, extend and improve certain highways in said towns" (chap. 272, Laws of 1869), to clothe the commissioners named therein with full powers to accomplish the objects specified, and to use the means prescribed for that purpose, they have power to collect the assessments authorized by the act; and thus adequate provision is made by the act for compensation to the owners of lands taken to meet the requirements of the Constitution.

Under said statute notice of the original assessment is required to be given to the parties interested.

(Argued September 26, 1873; decided October 7, 1873.)

THIS was an action of trespass for entering plaintiff's close, situate in the town of Yonkers, removing earth, etc. Defendant's testator was one of the commissioners named in the act. (Chapter 272, Laws of 1869.)   Under said act a public highway was laid out, passing through plaintiff's land.   The acts complained of were done in opening said highway.   Defendant justified under the act.   Plaintiff claimed the act to be unconstitutional ; in that it did not make adequate provision for compensation to the owners of lands taken.   This was predicated upon the alleged omission to designate any one to collect the assessments.   *Held*, that the fair intendment of sections 12 and 13 of said act was that the commissioners should collect the assessment, although it is not so stated in express words; and this, with the fact that by section 2 they were authorized to perform the several acts and duties required by the statute, gave them full power to accomplish the objects specified; and in so doing to use the prescribed means.

Plaintiff also claimed that the proceedings were invalid for want of proper notice to him of the original assessment. *Held*, that under the seventh section of the act notice was required; but that, it appearing that plaintiff was heard, the fair inference was that he had notice.

*John Flanders* for the appellant.

*John M. Mason* for the respondent.

CHURCH, Ch. J., reads for affirmance.
All concur, except ANDREWS, J., not voting.
Judgment affirmed.